11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William Ray
Snell 

Appellant

Vs.      
            Nos. 11-01-00224-CR
& 11-01-00225-CR 
--  Appeals from Dallas
County

State of Texas

Appellee

 

Appellant
was convicted on two charges of aggravated assault.   The jury assessed his punishment for each conviction  at confinement in the Institutional Division
of the Texas Department of Criminal Justice for a term of 25 years to run
concurrently.  Appellant complains on
appeal of the legal and factual sufficiency of the evidence supporting his
conviction.  We affirm.

The
convictions arise from a single episode occurring in Dallas County in August of
2000.   The complainants are a father
and son.  They testified that appellant
stabbed each of them with a knife in an altercation.  Appellant asserted at trial that he stabbed the complainants in
self-defense and/or in defense of a third person.  The
court=s charge
contained several defensive grounds for the jury=s consideration. 

In his first point of error, appellant contends that the
evidence is legally insufficient to support his conviction because the State
failed to disprove self-defense. In reviewing the legal sufficiency of the
evidence, we review the evidence in the light most favorable to the
prosecution. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Turner v. State,
805 S.W.2d 423, 427 (Tex.Cr.App.1991). 
The inquiry is whether rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Turner v. State, supra at 427. 
The fact finder is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. Adelman v. State, 828 S.W.2d 418,
421 (Tex.Cr.App.1992). The fact finder may choose to believe or disbelieve all
or any part of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Cr.App.1986), cert. den=d, 488 U.S. 872
(1988).








If the evidence raises self-defense, the State has the burden
of disproving self-defense. See Saxton v. State, 804 S.W.2d 910, 913
(Tex.Cr.App.1991).  The State's burden,
however, is not one of production; and it need not present affirmative evidence
refuting the self-defense claim. See Saxton v. State, supra.  Rather, the State's burden is one of
persuasion, requiring the State to prove its case beyond a reasonable
doubt.  Saxton v. State, supra.

A person is justified in using force against another when and
to the degree he reasonably believes force is immediately necessary to protect
himself against the other=s use or attempted use of unlawful force.
TEX. PENAL CODE ANN. ' 9.31(a) (Vernon Supp. 2002).   A person is justified in using deadly force
against another in self-defense if a reasonable person in the actor=s situation
would not have retreated and to the degree he reasonably believes the deadly
force is immediately necessary to protect himself against the other=s use or
attempted use of unlawful deadly force. 
TEX. PENAL CODE ANN. ' 9.32 (Vernon Supp. 2002).   A person is justified in using force or
deadly force against another to protect a third person if, under the
circumstances as the actor reasonably believes them to be, the actor would be
justified in using force or deadly force to protect himself against the unlawful
force or unlawful deadly force he reasonably believes to be threatening the
third person he seeks to protect and the actor reasonably believes that his
intervention is immediately necessary to protect the third person.  TEX. PENAL CODE ANN. ' 9.33 (Vernon
1994).  








The evidence revealed that the complainants were removing
used appliances from a warehouse at the time the incident in question
occurred.  Two vehicles pulled into the
parking lot of the warehouse.  The first
vehicle parked in a location that restricted the complainants= access to their
vehicles.  This vehicle was driven by a
Hispanic male referred to as ABig O.@ 
Big O exited his vehicle and walked back to the second vehicle in which
appellant was a passenger along with two females.   Appellant testified that Big O approached his vehicle for the
purpose of borrowing some rolling paper.[1]  The younger complainant made numerous
requests to Big O to move his vehicle, but 
Big O refused.   A fistfight soon
erupted between the younger complainant and Big O.   The senior complainant testified that, while his son and Big O
were fighting, appellant exited his vehicle whereupon he stabbed the younger
complainant in the back of the arm with a knife.   The father then engaged in combat with appellant in defense of
his son.  During the struggle between
the father and appellant, the father was stabbed in the mouth.  The two females who had been sitting in the
second car with appellant then joined the melee between the father, the son,
and appellant.  Big O was apparently able
to leave the scene at some point.[2]  A standoff ultimately occurred, and
appellant escaped on foot while being chased by the father and others.  A patrolman picked up appellant a short time
later.  

Appellant=s version of the events differed
significantly.  He testified that, when
he exited the second vehicle, the father and son were both beating Big O
senseless.    This testimony was
contrary to that offered by the two complainants and one of the females who was
a passenger in the second vehicle. 
Appellant stated that he first issued a verbal command to the father and
son to stop hitting Big O.  Appellant
testified that the father then proceeded to attack appellant at which point he
used the knife in self-defense.   

 Reviewing the
evidence in the light most favorable to the prosecution, we conclude that a
rational trier of fact could have concluded beyond a reasonable doubt that
appellant did not act in self-defense or in justifiable defense of a third
person, to-wit: Big O.   Appellant=s use of a knife
obviously constituted the use of deadly force. 
As per Section 9.32(a)(3), the use of deadly force is only justified to
protect against the use or attempted use of deadly force.[3]  There is ample evidence to support the jury=s implied
findings that appellant=s use of deadly force was not made to
protect either himself or Big O from the use of deadly force.   Viewing the evidence in the light most
favorable to the prosecution, appellant stabbed the son from behind while the
son was engaged in a fistfight with Big O. 
Appellant stabbed the father when the father attempted to protect his son
from appellant=s attack.  Appellant's first point of error is
overruled.








 In his second point
of error, appellant contends that the evidence is factually insufficient to
disprove self-defense or justifiable defense of a third person. When reviewing
the factual sufficiency of the evidence, we review all the evidence, but not in
the light most favorable to the prosecution. See Clewis v. State, 922 S.W.2d
126, 129 (Tex.Cr.App.1996); Reaves v. State, 970 S.W.2d 111, 116 (Tex.App. B Dallas 1998, no
pet=n).  We reverse only if: (1) the evidence is so
weak that the verdict is clearly wrong and unjust or (2) the verdict is so
against the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Johnson v. State, 23 S.W.3d 1,
7 (Tex.Cr.App.2000). A decision is not clearly wrong and unjust merely because
the fact finder resolved conflicting evidence in favor of the State. Cain v.
State, 958 S.W.2d 404, 408 (Tex.Cr.App.1997).

Appellant asserts that the evidence is factually insufficient
to show that he did not act in self-defense or in justifiable defense of a
third person.  To support his position,
appellant relies on his own self-serving testimony. After reviewing all the
evidence in a neutral light and giving due deference to the fact finder, we
cannot conclude: (1) that the evidence is so weak that the verdict is clearly
wrong and unjust or (2) that the verdict is so against the overwhelming weight
of the evidence as to be clearly wrong and unjust.  Johnson v. State, supra at 7. 
Appellant's second point of error is overruled.

The judgments of the trial court are affirmed.

 

PER
CURIAM

 

June 20, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]A bag of marihuana was found in the vehicle in which
appellant was a passenger.  The record
does not disclose if charges were filed against appellant with regard to the
marihuana. 





     [2]Big O did not testify at trial.





     [3]Section 9.32(a)(3)(B) also permits the use of deadly force to protect
against the imminent commission of certain enumerated offenses which are not at
issue in this appeal.